Judge Owsley
delivered the Opinion of the Court.
This is a small case, and presents for determination, but one question. Cardwell sued out from a justice of the peace, a warrant against Suter, and recovered judgment against him for $18 25. Suter then prayed an appeal to the circuit court, and entered into bond as required by law. The papers were transmitted by the justice to the circuit court, and after several successive continuances at different times, the record recites that.
At a court, holden at the court house, in the town of Frankfort, on the 13th dáy of July, 1822, came the plaintiff by his attorney, and the defendant failing to appear and prosecute his appeal, was solemnly called, but came not. It is, therefore, considered by the court, that the plaintiff recover of the defendant, the sum of eighteen dollars and twenty-five cents, the amount of the judgment rendered by the magistrate in this case, also his cost in .this behalf expended &c.
Act directing the mode of proceeding in appeals to the circuit court.
Cases in the circuit court, by appeal from a justice ol the peace, stand-in the same condition as if brought into the court by the plaintiff. below..
Damages to he assessed by the jury.
Where the defendant before the justice, appeals to the circuit court, and makes default, there the effect is the same as if he had been sued in court.
*35 The question for decision is, was the court, on the failure of Suter to appear, correct in entering judgment against him for the amount of the judgment of the justice, without the production of any evidence by Cardwell, to prove the justice of his demand. The answer to this question, is found in the act of the legislature, upon the subject of appeals from the judgments of justices, for sums above five pounds. After giving the right to appeal, and directing the manner of entering into bond, and bringing the case into the circuit court, the act declares, that “no appeal shall be dismissed, for an irregularity in the proceedings had before the magistrate; but the same shall be tried on its merits, as though no trial had been previously had thereon.”
Now, if the cause'should have been tried in the circuit court, as though there never had been a trial, it is plain, that in rendering judgment against Suter by default, for the amount adjudged by the justice, the court must have erred. To allow the judgment of the justice, to be evidence of the demand against Suter in the circuit court, would not be trying the cause in. that court, as if no trial had ever been previously had, and without the aid of that judgment there was nothing to. authorize the court to enter judgment for any specific amount in favor of Cardwell. By the original warrant which, issued from the justice, the demand of Cardwell, appears not to be of a description which would, have authorized the court, in an action originating there, to enter judgment by default in his favor for any particular amount.
The demand is stated in the warrant, to be on an account, and though a named amount be claimed, it would, after judgment by default, in an action originating in the circuit court, be incumbent upon Cardwell to prove his demand, so as to enable the jury to assess the damages, and it would be irregular for the court, without an inquiry of damages by a jury, to take upon itself to fix the amount, and render final judgment therefor.
We understand the act of the legislature to have placed the default of an appellant who is defendant *36 iii the warrant upon precisely the same footing with the default of a defendant to an action originating in the circuit court. After the case is brought into the circuit court by an appeal, the case must be tried as an original cause, without regard to the judgment of the justice. Though he may have been successful before the justice, the plaintiff in the warrant assumes the station of actor, whenever the case is brought before the circuit court, and the default of the defendant in the warrant, cannot be more favorable to him than it would be in an action originating in that court.
Monroe., for plaintiff.
The judgment must he reversed with cost, the cause remanded to the circuit court, and further proceedings there had, by causing a jury to be c.n-pannelcd, to ascertain the amount of Cardwell's account, unless Suter shall appear and contest his claim; and if he does so, then such proceedings be had, as may be consistent with this opinion and the principles of law.